IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 19-226 |
| | ) | |
| ANTWON BONNER | ) | |

**MEMORANDUM OPINION and ORDER**

On September 21, 2021, Defendant Antwon Bonner filed a pro se Emergency Motion for Compassionate Release Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 68. On September 27, 2021, the Court appointed counsel to represent Mr. Bonner with respect to his Motion. ECF Nos. 69 & 70. Mr. Bonner's appointed counsel experienced difficulty in obtaining records, which delayed the filing of an amended motion for several months. On May 11, 2022, the Court appointed substitute counsel to represent Mr. Bonner. ECF No. 82. On June 23, 2022, newly appointed defense counsel filed an Amended Motion with respect to Defendant's Motion for Compassionate Release. ECF No. 86. Mr. Bonner seeks compassionate release for "extraordinary and compelling reasons" pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), due to Mr. Bonner's medical conditions, including severe avascular necrosis and obesity, the lack of medical care he is receiving, his inability to care for himself in confinement, and the present state of the COVID-19 pandemic at the institution where he is housed. The government filed a Response to the Motion, arguing that Mr. Bonner's compassionate release should be denied because it is in fact an Eighth Amendment claim of inadequate medical care. The government also argues that Mr. Bonner has not exhausted his

administrative remedies in that he failed to properly seek compassionate release from the Warden. A hearing on Defendant's Motion was held on August 3, 2022. For the reasons set forth below, the Motion for Compassionate Release will be denied.

I.   **Background**

On January 30, 2020, Defendant entered a plea of guilty to Counts 1 and 2 of the Indictment filed at Criminal No. 19-226, charging him with Possession with Intent to Distribute Heroin in violation of 21 U.S.C. § 841(a)(1) and Possession of Firearms in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c). He was sentenced on June 11, 2020 to a total term of imprisonment of 84 months, consisting of 24 months at Count 1 and a consecutive sentence of 60 months at Count 2, to be followed by a term of supervised release of 3 years. Presently, Defendant is incarcerated at the low security Federal Correctional Institution at Gilmer, West Virginia. According to the Bureau of Prisons, his expected release is June 27, 2025.

Mr. Bonner is 24 years of age. He reports that he has obesity and severe avascular necrosis of the right hip[1]. A March 2021 x-ray of his right hip shows near complete erosion and remodeling of the right femoral head. He asserts that his right hip requires surgery, specifically hip replacement surgery, which the prison has been unable to provide. He states that his ability to walk and get around the prison is severely diminished due to the avascular necrosis, which in turn diminishes his ability to care for himself. For example, he is physically unable to walk to the pill line for his medications. He reports that the Bureau of Prisons has failed to provide

---

[1] Prior to sentencing the Court was aware from the Presentece Report that Mr. Bonner had longstanding and painful hip issues, more severe in his right hip. PSR at ¶ 45. In addition, Mr. Bonner reported that he would eventually need a right hip replacement. Id.

2

follow-up or any meaningful treatment plan to address the avascular necrosis. Finally, he argues that the present state of the COVID-19 pandemic, especially in regard to the mutation and spread of the virus, must be considered as a factor. He argues that, considering all of the above in the aggregate, extraordinary and compelling reasons exist warranting a sentence reduction in his case. As such, he requests that his sentence be reduced to "time served" and he be placed on supervised release with a condition of home-confinement[2]. He states that, if released, he would reside with his mother in Pittsburgh, Pennsylvania and he would obtain medical treatment through private insurance.

The government argues that the heart of Mr. Bonner's claim, the inadequacy of his medical treatment, is properly brought as a constitutional Eighth Amendment claim. The government therefore argues that a motion for compassionate release is an inappropriate way to address an Eighth Amendment inadequate medical care claim. The government also argues that the record shows that Mr. Bonner has failed to exhaust his administrative remedies.

## II. Analysis

### A. Applicable Law

The First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), provides, in relevant part:

**(c) Modification of an Imposed Term of Imprisonment.** —The court may not modify a term of imprisonment once it has been imposed except that—

**(1)** in any case—

**(A)** the court, . . . upon motion of the defendant . . .may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds

---

[2] Assuming a reduction in sentence is warranted a court may "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A).

3

      that—

          **(i)** extraordinary and compelling reasons warrant such a reduction; . . .

18 U.S.C. § 3582(c)(1)(A)(i).

The First Step Act directs analysis, for extraordinary and compelling reasons, to the Sentencing Commission's applicable policy statement, which provides in relevant part that, after considering the section 3553(a) factors, the court may reduce a term of imprisonment if it determines that--

    (1)    (A) Extraordinary and compelling reasons warrant the reduction; . . . .

    (2)  The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

    (3) The reduction is consistent with this policy statement.

U.S.S.G. §1B1.13 (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)).

The Sentencing Commission Commentary to the Policy Statement describes medical circumstances that qualify as "extraordinary and compelling". U.S.S.G. § 1B1.13, comment (n.1(A)). Mr. Bonner argues that his medical conditions qualify, because they present "a serious physical or medical condition" that, in light of the COVID-19 pandemic, "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.[3] U.S.S.G. § 1B1.13, comment (n.1(A)). The Commentary, at subsection (D), provides a catch-all provision,

---

[3] Identified medical circumstances are: that the defendant is suffering from a terminal illness; that the defendant is suffering from a serious physical or medical condition; that the defendant has a serious functional or cognitive impairment; or that the defendant's deteriorating physical or mental health, due to aging, substantially diminishes his ability for self-care. U.S.S.G. § 1B1.13, comment (n.1(A)). Said Commentary, at Subsection (B), provides that extraordinary and compelling reasons exist where the defendant is at least 65 years of age, has served at least 10 years or 75 percent of his term of imprisonment, and the defendant is experiencing a serious deterioration in physical or mental health due to aging,. U.S.S.G. § 1B1.13, comment (n.1(B)). Subsection (C) concerns family circumstances not applicable in this case. U.S.S.G. § 1B1.13, comment (n.1(C)).

permitting release where there exists an extraordinary and compelling reason other than, or in combination with, the reasons set forth within the other Commentary sections. U.S.S.G. § 1B1.13, comment (n.1(D)).

### B. Discussion

The Court agrees with the government that Mr. Bonner is arguing for compassionate release based upon the allegation that he is not receiving adequate medical care for his avascular necrosis. The Bureau of Prisons has an established grievance procedure for prisoners who allege that they are receiving inadequate medical care. If Mr. Bonner files a grievance regarding his medical treatment, the BOP's response to the grievance may eventually result in Mr. Bonner receiving appropriate medical treatment for his avascular necrosis. On the other hand, the BOP may respond in such a manner that medical treatment is delayed or denied. However, as the record stands now, such information is unknown; and thus, rather than proceed directly to a compassionate motion request, Mr. Bonner must first attempt to have his medical conditions treated at his facility. In addition, and related to the above, Mr. Bonner's compassionate release is inappropriate to the extent Mr. Bonner's claim states an Eighth Amendment claim of inadequate medical care. For these reasons, the Court cannot say that Mr. Bonner's circumstances demonstrate "extraordinary and compelling reasons" at this time. Mr. Bonner's Motion will be denied without prejudice.

AND NOW, this 27th day of September 2022, it is HEREBY ORDERED that Defendant's Emergency Motion for Compassionate Release Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) and Amended Motion thereto (ECF Nos. 68 & 86) are DENIED without prejudice.

BY THE COURT:

/s *Marilyn J. Horan*
Marilyn J. Horan
United States District Judge